FRANK RUTHENBECK, PROSECUTOR, v. FIRST CRIMINAL JUDICIAL DISTRICT COURT OF BERGEN COUNTY, MAYOR AND COUNCIL OF THE BOROUGH OF BERGENFIELD, RESPONDENTS.

Submitted May term, 1929—Decided November 7, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Herman Greenstone* (*Paul Rittenberg,* of counsel).

For the respondents, *A. C. Hart.*

PER CURIAM.

The prosecutor was convicted of violating an ordinance of the borough of Bergenfield, which ordinance provides that "no person shall utter any loud, profane, indecent, lewd, abuse or offensive language in any public place."

Twenty-two reasons are urged for reversal, one of which is in substance that the record does not show that there was any violation of any valid ordinance of the borough.

The complaint against the prosecutor was that "he did in the police headquarters of the borough, a public building, in a loud and offensive tone say to the deponent, "you big muttonhead, do you think you are a czar around here?"

Section 28 of the Borough act of 1897 as amended in 1900, page 401, empowers the borough council to "pass ordinances

to restrain or punish indecent or disorderly conduct." To constitute one a disorderly person in the use of language, under the Disorderly Persons act (*Comp. Stat., p.* 1927), is indicated by section 3 to the effect that "any person loitering in * * * public places * * * who shall indulge in and utter loud, offensive or indecent language shall be deemed and adjudged to be a disorderly person."

We think that the Borough act above quoted, and the ordinance in so far as it was a valid exercise of legislative authority by the council, did not contemplate the use of language of which the prosecutor was found guilty. The person to whom the language was addressed seems to have been a member of the police department, at the time acting as clerk of the court and receiving fines in an office apart from the court room.

A muttonhead as defined by the dictionaries is a dull, heavy and uninteresting person. That the dignity of the clerk may have been ruffled by the language addressed to him is possible, but that it was indecent or disorderly as defined by the legislative power conferred on the borough council we think is not established. It is not every trivial epithet addressed by one person to another, even in the office of the clerk of the recorder's court and to a police officer doing desk duty there, that constitutes disorderly conduct.

The conviction is set aside.